1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10   JUAN ENRIQUEZ,                          )
11                    Plaintiff(s),          )        Case No. 2:15-cv-0034-JAD-NJK
                                             )
12   vs.                                     )        ORDER
                                             )
13   RICKY DCOSTA, et al.,                   )
                                             )        (Docket No. 44)
14                    Defendant(s).          )
15   _____)

16          Presently before the Court is Plaintiff Juan Enriquez's motion to adjudicate an attorney lien.

17   Docket No. 40.  Plaintiff Enriquez's prior counsel, Morrison Anderson, filed a response, and Plaintiff

18   Enriquez replied.  Docket Nos. 43, 42.  Morrison Anderson then filed a motion seeking leave to file a

19   sur-reply.  Docket No. 44.  For reasons discussed below, Morrison Anderson's motion to file a sur-reply

20   is hereby **GRANTED**.

21          "A party is generally prohibited from raising new issues for the first time in its reply brief" as

22   the opposing party is not afforded an opportunity to respond.  *Queensridge Towers LLC v. Allianz*

23   *Global Risk US Ins. Co.*, 2015 WL 1403479 at *3 (D. Nev. Mar. 26, 2015) (citing *Eberle v. City of*

24   *Anahiem*, 901 F.2d 814, 818 (9th Cir. 1990)).  Therefore,"[w]here the moving party presents new

25   matters for the first time in a reply brief, the Court may either refuse to consider the new matters or

26   allow the opposing party an opportunity to respond." *Steven Cohen Prods. Ltd. v. Lucky Star, Inc*., 2015

27   WL 3555384 at *3 (D. Nev. June 5, 2015) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)).

28   A court may grant a party leave to file a sur-reply in order to afford her that opportunity.  *Id.*  However,

such a sur-reply may "only address new matters raised in a reply to which a party would otherwise be unable to respond."  *Steven Cohen Prods. Ltd.*, 2015 WL 3555384 at *3.

Here, Plaintiff Enriquez presented two new matters in his reply brief.  First, Plaintiff Enriquez picked apart Morrison Anderson's time sheets.  Docket No. 43 at 2-6.  Second, he denied that Morrison Anderson relinquished his complete client file.  *Id*., at 7-8.  This deprived Morrison Anderson of the opportunity of addressing those arguments.  Rather than refusing to consider Plaintiff Enriquez's new arguments, the Court finds that Morrison Anderson should be afforded a chance to respond to them.

## IV.    CONCLUSION

Accordingly, the Court hereby **GRANTS** Morrison Anderson leave to file a sur-reply to address only the new matters raised in Plaintiff's reply, no later than October 19, 2015.

IT IS SO ORDERED.

DATED: October 13, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge